IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRADLEY GILLESPIE,

      Plaintiff,

      v.                          CASE NO.  25-3265-JWL

DARCIE HOLTHAUS, et al.,

      Defendants.

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Bradley Gillespie is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.   Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").  Plaintiff has paid the filing fee.  Therefore, Plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) is denied as moot.

Plaintiff's Complaint on the Court-approved form (Doc. 1) references another attached complaint (Doc. 1–1).  Plaintiff alleges that he was placed in segregation as part of an investigation at EDCF.  (Doc. 1, at 2.)  Plaintiff alleges that he was released after he invoked his right to remain silent.  *Id*.  Plaintiff claims that after his release, "retaliations and problems began."  *Id*.  Plaintiff alleges that a false "Administration Housing Report" was used to place him in segregation.  *Id*. at 4.  As Count I, Plaintiff alleges supervisory liability against Defendants Thomas Williams and Tyler Clark, for their acquiescence in constitutional violations.  *Id*. at 3.  As Count II, Plaintiff

1

alleges supervisory liability against Defendants Williams and Clark based on their alleged refusal to correct constitutional violations. *Id.* As Count III, Plaintiff alleges that Defendants Thomas Williams and Francisco Ayala used a false Administrative Housing Report to place Plaintiff in segregation. *Id.* at 4.

Plaintiff alleges in his attachments that he was placed in the Restrictive Housing Unit on September 11, 2024, and was interviewed in the unit team office on September 16, 2024. (Doc. 1–1, at 3.) The investigation involved Plaintiff's cellmate, and Plaintiff told the Special Agent that he had nothing to say and invoked his Fifth Amendment rights. *Id.* at 3–4. Plaintiff claims that he was released from segregation on September 18, 2024,[1] which was in violation of prison regulations that require a prisoner to be released from Administrative Restrictive Housing within 3 working days "unless a continued holding in administrative restrictive housing . . . is justified in writing and approved by the Warden." *Id.* at 4. Plaintiff claims that no charges were brought, he was not released after 3 working days, no justification in writing was approved by the Warden, and Plaintiff never received notice or an explanation in writing. *Id.* Plaintiff alleges that neither the Warden nor the Special Agent reported this policy violation, and the failure to report it also constitutes a policy violation. *Id.*

Plaintiff alleges that after he was released from segregation "retaliations and punishments began to occur." *Id.* at 5. Plaintiff alleges that he lost his college tutor/peer mentor job, was stripped of his involvement in the Hustle 2.0 program that he created and ran, and he was denied access to the EDCF library. *Id.* Plaintiff also alleges that his mail to his family and friends was censored without complying with regulations. *Id.* Plaintiff claims that "[t]he chain of events make it appear that staff members were punishing [Plaintiff] for not aiding them in their investigation."

---

[1] Although Plaintiff states he was released on September 18, 2018, the context suggests that the correct year is 2024.

*Id*. Plaintiff then sets forth the grievances he filed and his dissatisfaction with the responses he received to those grievances. *Id*. at 5–14. Plaintiff seeks declaratory relief, compensatory damages, and punitive damages. *Id*. at 14–15.)

## II. Statutory Screening

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

3

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Pleading Requirements

Plaintiff's Complaint references another attached complaint, and includes over 380 pages of exhibits. *See* Docs. 1–1, 1–2, and 1–3. In total, his Complaint consists of over 400 pages and

names 15 defendants.  Plaintiff only lists three counts in his Complaint, but makes various claims in his grievances and attachments.  The Court is not required to sift through Plaintiff's attachments or grievances to determine if he is making a claim based on his complaints in his grievances. Plaintiff must set forth his counts and supporting facts on the Court-approved form for filing a complaint.

In filing an amended complaint, Plaintiff must comply with Fed. R. Civ. P. 8's pleading standards.  Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Plaintiff's Complaint fails to comply with this rule.  "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis.  Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).

Plaintiff must also follow Rules 20 and 18 of the Federal Rules of Civil Procedure when filing an amended complaint.  Rule 20 governs permissive joinder of parties and pertinently provides:

> (2) *Defendants*.  Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  While joinder is encouraged for purposes of judicial economy, the "Federal Rules

do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).  The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.*  It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act.  *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact.  He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim.  Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) (to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately).  In any amended complaint, Plaintiff should set forth the

transaction(s) or occurrence(s) which he intends to pursue in accordance with Rules 18 and 20, and limit his facts and allegations to properly-joined defendants and occurrences. Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action.

### 2. Violations of Regulations

Plaintiff claims that Defendants failed to follow state regulations and prison regulations. Violations of state law or prison regulations do not provide a cause of action under § 1983. Plaintiff must state a federal constitutional violation. State statutes do not provide a basis for liability under § 1983 which only protects rights secured by the Constitution and laws of the United States. *D.L. v. United Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (finding that "Plaintiffs' citations to Kansas case law to support their claim . . . is unavailing, as § 1983 affords a remedy for violations of federal law and does not 'provide a basis for redressing violations of *state* law.'") (citation omitted).

Likewise, the violation of a prison regulation does not state a constitutional violation unless the prison official's conduct "failed to conform to the constitutional standard." *Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (internal quotation marks omitted) (holding prisoner must establish that violation of a prison policy necessarily stated a constitutional violation). As the Tenth Circuit has stated:

> [N]o reasonable jurist could conclude that [a plaintiff's] claim that prison officials deprived him of due process by violating internal prison regulations rises to the level of a due process violation. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison [They are] not designed to confer rights on inmates...." *Sandin v. Conner*, 515 U.S. 472, 481-82, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

*Brown v. Wyoming Dept. of Corrections*, 234 F. App'x 874, 878 (10th Cir. 2007). Plaintiff's claims based on state statutes/regulations and IMPPs are subject to dismissal for failure to state a constitutional violation.

### 3. Grievances

Plaintiff acknowledges that a grievance procedure is in place and that he used it. Plaintiff's claims relate to his dissatisfaction with responses to his grievances. The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials"). Plaintiff's claims regarding the grievance process and the failure to properly respond to grievances are subject to dismissal for failure to state a claim.

### 4. Personal Participation

Plaintiff sues all of the Defendants in their individual capacities. Plaintiff's claims in Counts I and II are only against Warden Williams and Deputy Warden Clark, and are based on supervisory liability. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.

*Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability).  An official's liability may not be predicated solely upon a theory of respondeat superior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).  A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011).  "[T]he factors necessary

to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

### 5. Housing Classification

As Count III, Plaintiff alleges that Warden Williams and Special Agent Francisco Ayala used a false Administrative Housing Report to place Plaintiff in segregation. The Due Process Clause protects against "deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' . . . or it may arise from an expectation or interest created by state laws or policies." *Id*. (citing *Vitek v. Jones*, 445 U.S. 480, 493–94 (1980) (liberty interest in avoiding involuntary psychiatric treatment and transfer to mental institution); *Wolff v. McDonnell*, 418 U.S. 539, 556–58 (1974) (liberty interest in avoiding withdrawal of state-created system of good-time credits)).

Liberty interests which are protected by the Due Process Clause are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted). Plaintiff does not have a constitutional right to a particular security classification or to be housed in a particular yard. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (increase in security classification does not constitute an atypical and significant hardship because "a prisoner has no constitutional right to remain incarcerated in a particular prison or to

10

be held in a specific security classification")).

The Supreme Court has held that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221–22 (citing *Meachum*, 427 U.S. at 225 (no liberty interest arising from Due Process Clause itself in transfer from low-to maximum-security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"). "Changing an inmate's prison classification . . . ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." *Sawyer v. Jefferies*, 315 F. App'x 31, 34 (10th Cir. 2008) (citing *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) (citing *Meachum*, 427 U.S. at 225)). Plaintiff has not alleged that his assignment imposed any atypical and significant hardship in relation to the ordinary incidents of prison life. *Cf. Wilkinson*, 545 U.S. at 223–24 (finding atypical and significant hardship in assignment to supermax facility where all human contact prohibited, conversation not permitted, lights on 24-hours-a-day, exercise allowed for only one hour per day in small indoor room, indefinite placement with annual review, and disqualification of otherwise eligible inmate for parole consideration).

Plaintiff does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility. *See Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013) (citing *Meachum*, 427 U.S. at 228–29; *Cardoso v. Calbone*, 490 F.3d 1194, 1197–98 (10th Cir. 2007). Moreover, jail officials are entitled to great deference in the internal operation and administration of the facility. *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979). Plaintiff's claims regarding his security classification are subject to dismissal for failure to state a claim.

**6. Request for Relief**

Plaintiff seeks declaratory relief, compensatory damages, and punitive damages. Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

"The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Id.* (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999)).

Plaintiffs seeks punitive damages, which "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind. Plaintiff's request for punitive damages is subject to dismissal.

**IV. Response and/or Amended Complaint Required**

Plaintiff is required to show good cause why Plaintiff's claims should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete

amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (25-3265-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.  Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.  If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, Plaintiff's claims may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) is **denied as moot.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **January 30, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

13

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **January 30, 2026**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated December 31, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**