**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**BRADLEY GILLESPIE,**

**Plaintiff,**

v.                                                        **CASE NO.  25-3265-JWL**

**DARCIE HOLTHAUS, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").  On December 31, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC and granting Plaintiff an opportunity to file an amended complaint to cure the deficiencies.  Plaintiff filed a response (Doc. 8) and an Amended Complaint (Doc. 9), and on March 13, 2026, the Court entered a Memorandum and Order (Doc. 12) ("M&O") ordering Plaintiff to show good cause why his Eighth Amendment claim and his First Amendment claims based on the lack of library access, should not be dismissed for failure to state a claim.  The Court also found that the proper processing of Plaintiff's mail censorship claim and retaliation claim could not be achieved without additional information from appropriate KDOC officials and ordered a *Martinez* Report on those claims.  The Court dismissed Plaintiff's due process claims, claims based on violations of prison regulations, and claims based on grievance responses and procedures, for failure to state a claim.  This matter is before the Court on:  Plaintiff's Motion to Admit Evidence (Doc. 18); Plaintiff's Motion for Order (Doc. 22); and the KDOC's Motion for Extension of Time (Doc. 25).

1

**1. Motion to Admit Evidence (Doc. 18)**

Plaintiff seeks to add "new evidence of mail censorship and obstruction" to support his claims. (Doc. 18, at 1.) Plaintiff attaches an exhibit that he claims shows that EDCF/KDOC is unconstitutionally withholding and censoring his mail for no penological reason. *Id*.

A response to the motion was filed by Defendants Thomas Williams, Tyler Clark, Larry Teach, Kyli Sparks, and Robin Leonard (the "Defendants"). (Doc. 20.) In their response, the Defendants note that Plaintiff filed a second case against many of the same defendants in the District Court of Butler County, Kansas. That case was removed to this Court as Case No. 26-1073-JWL and is currently being screened under 28 U.S.C. § 1915A. The response notes that Plaintiff has also included a count based on mail censorship in Case No. 26-1073, and requests that the Court deny Plaintiff's motion in the instant case until the Court completes the screening of Case No. 26-1073. *Id*. at 3. In the alternative, the Defendants ask the Court to deny Plaintiff's motion: to the extent it can be construed as a motion to amend his complaint; to allow for the submission of the *Martinez* Report; and until the Court has completed its screening in this case. *Id*.

Plaintiff filed a reply, arguing that the allegations in this case and those in Case No. 25-1073 "are different and from different events and times as the defendants in Case # 26-1073-JWL admit." (Doc. 21, at 2.) He states that he is not asserting new allegations, is not adding new defendants, and has not filed a new cause of action. *Id*. at 3.

The Court's M&O provides that "[n]o motion or other document addressed to the Amended Complaint shall be filed until the Court has reviewed the *Martinez* Report and entered an order screening the remaining claims in the Amended Complaint." (Doc. 12, at 21.) The M&O also provides that "[d]iscovery by Plaintiff shall not commence until Plaintiff has received and

2

reviewed any Court-ordered response to the Amended Complaint." *Id*. The Court has ordered a *Martinez* Report, this case has not passed screening, and discovery has not commenced. The Court will deny Plaintiff's motion without prejudice to renewing his request after the Court has reviewed the *Martinez* Report and entered an order following its review. The order following the Court's review of the *Martinez* Report will also address Plaintiff's response (Doc. 14) to the Court's order to show good cause why his Eighth Amendment claim and his First Amendment claims based on the lack of library access, should not be dismissed for failure to state a claim. Plaintiff should refrain from filing any further documents until the Court has entered an order following its review of the *Martinez* Report.

## 2. "Request for an Order" (Doc. 22)

Plaintiff has filed a motion asking the Court to stop his transfer to another facility. (Doc. 22, at 1.) Plaintiff claims that on May 27, 2026, he was called to the Unit Team's office where UT Tovar notified Plaintiff that Tovar was directed to find out where Plaintiff wanted to be transferred to, and that the directive came from UTM Hoepner. *Id*. at 2. Plaintiff claims that he notified Tovar that he had ongoing legal matters, and Tovar said that is why Plaintiff was being transferred, and that it was above Tovar's ability to do anything about it. *Id*. Plaintiff claims that a transfer would be a form of retaliation and would interfere with the Court's order for a *Martinez* Report. *Id*. Plaintiff seeks an order from the Court stopping any transfer or an order for Plaintiff's return if a transfer does occur. *Id*.

On June 4, 2026, Plaintiff filed a document titled "Claim of Retaliation by Defendants" (Doc. 26), claiming that "Defendants transferred the Plaintiff unconstitutionally to another prison in order to hinder and stop him from pursuing his legal claims and pursue future actions." (Doc. 26, at 1.) He asks the Court to "order Defendants to return him to EDCF until his cases are

3

fully litigated or he personally requests a transfer as a matter of right." *Id*. at 2. Plaintiff does not indicate where he was transferred to, and the document lists Plaintiff's address as EDCF and states that it was executed at EDCF on June 4, 2026.[1] *Id*.

Plaintiff's request seeks injunctive relief. To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff indicates that he was asked where he wanted to be transferred to, and that he told UT Tovar that he had ongoing legal matters. Based on his affidavit, it appears that Plaintiff (as of today) is still housed at EDCF. Plaintiff does not mention where he was allegedly transferred to, or indicate why he cannot pursue his claims at another KDOC facility. All KDOC facilities have mandatory electronic filing and the KDOC officials remain responsible for preparing and filing the *Martinez* Report. Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

---

[1] The Kansas Adult Supervised Population Electronic Repository ("KASPER") also shows Plaintiff's location as EDCF. *See* https://kdocrepository.doc.ks.gov/kasper/search/detail?offenderID=47163 (last visited June 4, 2026).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251.

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted. Plaintiff does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility. *See Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013) (citing *Meachum*, 427 U.S. at 228–29; *Cardoso v. Calbone*, 490 F.3d 1194, 1197–98 (10th Cir. 2007). Moreover, jail officials are entitled to great deference in the internal operation and administration of the facility. *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979). If Plaintiff believes his transfer was retaliatory, he should exhaust that claim through the administrative grievance procedures. Plaintiff's motion is denied without prejudice.

### 3. Motion for Extension of Time (Doc. 25)

The KDOC, as interested party, has filed a motion seeking a 30-day extension of time to submit the *Martinez* Report. (Doc. 25.) The KDOC indicates that counsel needs additional time to gather necessary witness affidavits, and anticipates receiving them in the following weeks. *Id*.

at 1.  The KDOC indicates that Plaintiff objects to the request for an extension of time.  *Id*.  This is the KDOC's first request for an extension of time.  The extension will allow the KDOC to provide  meaningful information to assist the Court is screening Plaintiff's claims.  Therefore, the Court grants the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Admit Evidence (Doc. 18) is **denied without prejudice** to renewing his request after the Court has reviewed the *Martinez* Report and entered an order following its review.

**IT IS FURTHER ORDERED** that Plaintiff's motion (Doc. 22) seeking a preliminary injunction is **denied without prejudice.**

**IT IS FURTHER ORDERED** that the KDOC's Motion for Extension of Time (Doc. 25) is **granted.**  The deadline to submit the *Martinez* Report ordered at Doc. 12 is extended to **July 13, 2026.**

**IT IS SO ORDERED**.

Dated June 4, 2026, in Kansas City, Kansas.

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**