FILED
U.S. District Court
District of Kansas
11/03/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**BRADLEY GILLESPIE,**

**Plaintiff,**

**v.** **CASE NO. 25-3265-JWL**

**DARCIE HOLTHAUS, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). Plaintiff's claims are based on his incarceration at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). He asserts retaliation following his decision to remain silent during a prison investigation regarding his cellmate.

After ordering, receiving, and reviewing a *Martinez* Report ("MR") in this case, the Court entered a Memorandum and Order to Show Cause (Doc. 34) ("MOSC") dismissing Plaintiff's Eighth Amendment and First Amendment access to the courts claims and further ordering Plaintiff to show good cause by August 24, 2026, why his mail censorship and retaliation claims should not be dismissed for failure to state a claim. This matter is before the Court on Plaintiff's response to the MR (Doc. 41); Motion for Reconsideration (Doc. 38), Motion for Temporary Transfer (Doc. 35), and Motion for Appointment of Counsel (Doc. 36).

**I. Completion of Screening**

In the MOSC, the Court stated that it was considering dismissal of Plaintiff's retaliation and mail censorship claims in light of the MR and gave Plaintiff an opportunity to respond.

Plaintiff's 22-page response is before the Court. (*See* Doc. 41.) He asserts that the MR "does not resolve the factual disputes raised in Plaintiff's First Amended Complaint." *Id.* at 1. Plaintiff points out that the MR provides explanations for the different events he characterizes as retaliatory but "fails to address the central issue: whether these actions were motivated by Plaintiff's refusal to cooperate with the investigation." *Id.* at 1-2. He alleges that the MR explanation for the loss of his Hustle 2.0 position, that the program ceased to exist, is questionable because the program was eventually reinstated, but he was not allowed to resume his role within the program. *Id.* at 6. He notes that the MR fails to even address the loss of his college tutoring job. *Id.* at 7. He disagrees with the MR's position that he was not formally prohibited from entering the EDCF library or that he could have used a tablet in the cellhouse for legal research. *Id.* at 9-10. He disputes the MR's description of the severity of damage resulting from the search of his cell on April 24, 2025. *Id.* at 12-13. He continues to allege that mail restrictions were selectively applied to him in retaliation for his refusal to cooperate with the EAI investigation. *Id.* at 15-16.

Plaintiff disputes the allegations in the *Martinez* Report, maintaining his version of the events and his allegations set forth in his AC. The *Martinez* report developed as a means "to ascertain whether there is a factual as well as a legal basis for [a] prisoner's claims." *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). The *Martinez* report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citing *Sampley v. Ruettgers*, 704 F.2d 491, 493 n.3 (10th Cir. 1983)). The Court "cannot resolve material disputed factual issues by accepting the report's factual findings when they are in conflict with pleadings or affidavits." *Id.* at 1109. "Furthermore, '[a] bona fide factual dispute exists even when the plaintiff's factual allegations that are in conflict with the *Martinez* Report are less specific or

well-documented than those contained in the report.'" *Bellamy v. Kansas*, 2024 WL 3718065, at n.5 (10th Cir. Aug. 8, 2024) (unpublished) (quoting *Hall*, 935 F.2d at 1109).

The Court is unable to resolve the factual disputes at this stage of the proceedings. Therefore, the Court finds that Plaintiff's retaliation and mail censorship claims survive the screening required by 28 U.S.C. § 1915A(a) and further finds that a responsive pleading is necessary.

**II. Motion for Reconsideration**

Plaintiff has filed a Motion for Reconsideration (Doc. 38) of the MOSC (Doc. 34) dismissing his access to the courts and Eighth Amendment claims. Because Plaintiff's motion was filed within 28 days after the entry of the MOSC, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012. Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of

judgments." *Id.* at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

In his motion for reconsideration, Plaintiff largely repeats arguments that he has already made or makes arguments that he could have previously made. Plaintiff alleges that his motion is based on newly discovered evidence. He describes that evidence as an affidavit from another inmate, along with a Form 9. The inmate requested access to the cellhouse's legal research tablet, which the MR stated Plaintiff could have accessed. However, the inmate got a response that "the cell house does not have a legal I-pad." (Doc. 38, at 4-5). Plaintiff argues that this proves "the factual premise [the Court] relied upon in dismissing Plaintiff's access claim is materially incorrect." *Id.* at 5.

The Court found in the MOSC that Plaintiff had not demonstrated an actual injury as required to state a claim for denial of access to the courts. In his motion, Plaintiff argues that "the complete denial of meaningful legal research constitutes an actual injury under the First Amendment right of access to the courts." *Id.* at 10. As the Court previously explained, actual injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). Plaintiff does not point to any time he was prevented from filing any such action. Again, the Court continues to note that to the extent Plaintiff alleges the lack of library access was retaliatory, he may address the issue as part of his retaliation claim.

As for Plaintiff's Eighth Amendment claim, the Court found in the MOSC that Plaintiff's

allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." The Court found that Plaintiff fails to state an Eighth Amendment violation, and his claims suggest, at most, negligence. Claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986); *see also Vasquez v. Davis*, 882 F.3d 1270, 1277–78 (10th Cir. 2018) (deliberate indifference requires more than negligence) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

Plaintiff tries to argue that the level of property loss resulting from the shakedown makes his claim "sufficiently serious." However, nothing Plaintiff points to demonstrates that the conditions posed a substantial risk of serious harm or convinces the Court that Plaintiff was subjected to cruel and unusual punishment. The Court continues to note that to the extent Plaintiff alleges that the destruction of his property during the shakedown was retaliatory, he may address the issue as part of his retaliation claim.

In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its MOSC dismissing Plaintiff's Eighth Amendment and access to the courts claims, and that ruling stands.

**III. Motion for Transfer**

Plaintiff asks the Court to transfer him back to EDCF for 90 days so that he can gather evidence to controvert the MR. He alleges the transfer to HCF was a calculated attack on his ability to do so. This is Plaintiff's third request to be housed at EDCF.

Plaintiff's request seeks injunctive relief. To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v.*

*Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. His filings in this case demonstrate that he has been capable of disputing the MR and proceeding with this case while housed at HCF. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251.

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted. Plaintiff does not have a constitutional right to

dictate where he is housed, whether it is which facility or which classification within a facility. *See Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013) (citing *Meachum*, 427 U.S. at 228–29; *Cardoso v. Calbone*, 490 F.3d 1194, 1197–98 (10th Cir. 2007). Moreover, jail officials are entitled to great deference in the internal operation and administration of the facility. *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979). If Plaintiff believes his transfer was retaliatory, he should exhaust that claim through the administrative grievance procedures. Plaintiff's motion is denied without prejudice.

**IV. Motion for Appointment of Counsel**

Plaintiff seeks the appointment of counsel, arguing that he is not an "expert jailhouse lawyer", he is suing multiple defendants, and he does not have access to former employees of the KDOC and some sealed evidence. (Doc. 36, at 1-3.)

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)). In other words, if this motion is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff. The Court cannot guarantee that an attorney will volunteer. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince

the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) the issues are not overly complex; and (2) Plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court will deny the motion without prejudice to refiling as this matter proceeds.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's retaliation and mail censorship claims survive the Court's screening under 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 38) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Transfer (Doc. 35) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 36) is **denied**.

**IT IS FURTHER ORDERED** that the defendants shall have sixty (60) days to answer or otherwise respond to the Amended Complaint.

**IT IS SO ORDERED**.

**Dated November 3, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**